IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EMPLOYERS INSURANCE COMPANY ) | |
| OF WAUSAU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:06cv0611 |
| ) | |
| MEDLINE INDUSTRIES, INC., AND ) | Judge Thomas A. Wiseman, Jr. |
| CREATIVE BEDDING TECHNOLOGIES, INC., ) | |
| ) | |
| Defendants. ) | |

### ORDER

Before the Court are two motions that must be resolved before the Court rules on the also-pending motion for summary judgment: Plaintiff's Motion to Strike Affidavit of Debora Nystrom (Doc. No. 142), and Plaintiff's Motion to Strike Affidavit of Robert Apitz (Doc. No. 161). These motions are addressed below:

1. Plaintiff's Motion to Strike Affidavit of Debora Nystrom (Doc. No. 142)

Plaintiff seeks to strike the entire affidavit of Ms. Nystrom (Doc. No. 126-4) or, alternatively, to strike the factual assertions in Paragraphs 1, 3, 4, 7 and 8 of that Affidavit on the grounds that Ms. Nystrom was not employed by Defendant Creative Bedding Technologies, Inc. ("Creative Bedding") prior to 1998 and therefore does not have the requisite personal knowledge to testify regarding the specifications of the mattresses shipped from Creative Bedding to the Plaintiff's insured, NHC, in 1996 or 1997. That motion is hereby **GRANTED IN PART AND DENIED IN PART**.

Specifically, the motion is **DENIED** with respect to striking the affidavit as a whole and also **DENIED** with respect to striking paragraphs (1) and (3). Ms. Nystrom clearly did have personal knowledge with respect to some of the facts stated in her affidavit, and is also qualified, by virtue of her position with Creative Bedding, to testify as a custodian of regularly kept business records of the company. It is immaterial that she was not employed by Creative Bedding at the time the relevant invoices and purchase orders were filled. Moreover, there is apparently no dispute that NHC only

ordered Nylex II Innerspring with Convoluted Foam mattresses from the Defendants and that the Defendants, to the best of their knowledge, only supplied NHC with Nylex II Innerspring with Convoluted Foam mattresses to NHC.

With respect to the final sentence of Paragraph 4 of her Affidavit, "CBT shipped no other product to NHC Nashville aside from the Nylex II Innerspring Convoluted Foam mattresses identified in these purchase orders," the Court agrees with the Plaintiff that Ms. Nystrom is not competent to make that assertion since she was not employed by Creative Bedding when the mattresses shipped to NHC were assembled and obviously was not present during the assembly. The motion to strike the final sentence of Paragraph 4 is therefore **GRANTED**. The motion to strike Paragraph 7 is **GRANTED** for the same reason. The motion to strike the assertion in Paragraph 8 that the three Nylex II Innerspring mattresses with Convoluted Foam were assembled "in strict accordance with the same specifications of the Nylex II Innerspring mattresses with Convoluted Foam that were shipped to NHC Nashville during the relevant time period of 1997-97" is likewise made without personal knowledge. The motion to strike that portion of Paragraph 8 is therefore **GRANTED**.

Plaintiff, in its Memorandum in support of its Response in opposition to summary judgment (Doc. No. 145) also articulated objections to certain portions of the affidavit of Peter Furlong but without actually filing a motion to strike or exclude the testimony to which it objects. The Court nonetheless notes that the testimony of Mr. Furlong, to the extent it is not based on personal knowledge, will not be considered.

2.      Plaintiff's Motion to Strike Affidavit of Robert Apitz (Doc. No. 161)

Plaintiff Wausau seeks to strike the Affidavit of Robert Apitz, which Defendants filed as an exhibit to their Reply brief. In producing the testimony of Mr. Apitz, Defendants basically responded to the Plaintiff's objection to the testimony of Mr. Furlong and Ms. Nystrom regarding manufacturing processes in place prior to their employment with Creative Bedding. Mr. Apitz was employed as the head of manufacturing by Creative Bedding during the relevant time frame and is apparently competent to testify regarding the process Creative used at that time to manufacture, assemble, package and ship mattresses. In addition, Mr. Apitz was obviously identified by Creative as a "person with knowledge" relatively early in the parties' discovery process, because he was deposed by the Plaintiff in March 2007.

Plaintiff is now objecting, however, to the Defendants' failure to identify Mr. Apitz as a "corporate representative" with knowledge regarding, among other things, "quality control procedures to insure that a customer ordering a Nylex II Convoluted Foam Inner Spring Mattress would not be shipped a Nylex II Convoluted Foam Mattress" and "regarding the actual type of mattress shipped to NHC." (Doc. No. 161, at ¶ 2.) Specifically, Plaintiff asserts that it is "patently unfair for the defendants to wait until the discovery deadline for product identification has passed to, in effect, conduct additional discovery on that issue" and that "[i]f the Defendants felt that the testimony of Mr. Apitz was necessary on the product identification issue, they should have presented him for deposition prior to the product identification discovery cut off." (Doc. No. 161, at ¶ 4.)

The problem with the Plaintiff's position is that it asked for the identification of a "corporate representative." Although Plaintiff asserts that Defendants must have "some control over Mr. Apitz since they obtained his Affidavit," Mr. Apitz apparently has not worked for Creative Bedding since 2006 and is not under either Defendant's control. Plaintiff's motion is therefore not well taken.

Moreover, while Plaintiff claims to have been "surprised" by the theory espoused in the Defendants' motion for summary judgment, the fact remains that it has always been the Plaintiff's burden to prove that the mattress in question was manufactured or sold by the Defendants. The Defendants have from the beginning consistently denied that the allegedly defective mattress was manufactured or sold by them. (*See, e.g.*, Doc. No. 17 (Medline's Ans. and Aff. Defs. to 1st Am. Compl.), Doc. No. 44 (Creative Bedding's Ans. to 2d Am Compl.), Doc. No. 104 (Creative Bedding's Am. Ans. and Aff. Defs., filed 12/01/2006) and Doc. No. 105 (Medline's Am. Aff. Defs., filed 12/01/2006).) More importantly, Defendants identified Mr. Apitz as a person with knowledge early in the discovery process, and the parties deposed him in March 2007. At that time, if not sooner, Plaintiff learned that Mr. Apitz was the head of manufacturing for Creative during the relevant time frame. If Plaintiff had felt it necessary to redepose Mr. Apitz after Defendants filed their Motion for Summary Judgment, it certainly could have sought to do so. It did not.

-----
-----
-----

In sum, Plaintiff has not been prejudiced by the introduction of Mr. Apitz's affidavit, and will not be prejudiced by being denied the ability to redepose him now. Plaintiff's motion to strike Mr. Apitz's affidavit is therefore **DENIED**.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge